UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| MICHAEL GOODWIN, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | No. 4:11CV2032 DDN |
| JOHN G. ROSS, | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

Before the Court is the petition for a writ of mandamus filed by Michael Goodwin. The respondent, John G. Ross, is a United States Probation Officer for the Eastern District of Missouri. Petitioner, an inmate at Terre Haute Federal Correctional Institution, has also filed a motion to commence this action without payment of the required filing fee. The motion to proceed in forma pauperis will be granted. However, for the reasons discussed below, the petition for mandamus relief will be dismissed.

Title 28 U.S.C. § 1361 provides: "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Mandamus is an extraordinary remedy. See Heckler v. Ringer, 466 U.S. 602, 616 (1984). Certain conditions must be met before mandamus relief may be granted.

"Among these are that the party seeking issuance of the writ have no other adequate means to attain the relief he desires, and that he satisfy 'the burden of showing that (his) right to issuance of the writ is clear and indisputable.'" Kerr v. United States District Court, 426 U.S. 394, 403 (1976 (citations omitted).

After pleading guilty to conspiracy to possess with intent to distribute cocaine, petitioner was sentenced on November 30, 2001, to a 151-month term of imprisonment. United States v. Goodwin, 4:01CR173 (CEJ) (E.D. Mo.). In the mandamus petition, petitioner seeks an order compelling respondent Ross to amend the presentence report filed in the underlying criminal action. Petitioner claims that a 1989 Missouri conviction set forth in the PSR is erroneously described as "Attempted Unlawful Use of a Weapon." Id., Presentence Report, ¶ 40, Doc. No. 697-1. At the sentencing hearing, petitioner objected to the assessment of one criminal history point for the 1989 conviction. He also objected on the ground that his criminal history was overstated. The Court overruled the objections. Petitioner did not challenge the accuracy of the description of the 1988 charge.

Petitioner claims that the description of the offense has caused the Bureau of Prisons to deny his request for a furlough. Petitioner has submitted no correspondence or other document from BOP to verify this claim. Apart from that, however, is the fact that petitioner submits no document or other evidence showing that the crime he

was convicted of in 1989 was not called "Attempted Unlawful Use of a Weapon," but was instead called something else. Absent some showing that the description of the 1989 conviction is erroneous, there can be no duty on the part of the respondent to correct it. Finally, petitioner does not contend that respondent interfered with or hindered consideration of petitioner's objections to the PSR. Indeed, petitioner's objections were heard and overruled. Had petitioner made an objection to the description of the prior conviction, it, too, would have been considered by the Court.

Thus, as contemplated in 28 U.S.C. § 1361, no duty owed to petitioner has been demonstrated in this petition and there is no need to compel respondent to act in any way with regard to petitioner's request.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion to proceed in forma pauperis [Doc. #3] is **GRANTED**.

**IT IS FURTHER ORDERED** that the petition for a writ of mandamus [Doc. #1] is **DENIED**.

Dated this 7th day of February, 2012.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE